**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHARLES E. MILLER,

       Plaintiff,

v.                                  No.  14cv840 MCA/SCY

GREGORY WOLDT, *et al.*,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

       **THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.  Doc. 2, filed September 16, 2014.  For the reasons stated below, the Court will **GRANT** the application and **DISMISS** Plaintiff's Complaint, Doc. 1, filed September 16, 2014, without prejudice.  Plaintiff may amend his Complaint within 14 days of entry of this Order.  Failure to do so may result in dismissal of this case.

**Motion to Proceed *in forma pauperis***

       The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "[A]n application to proceed *in forma pauperis* should be evaluated in

light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).  While the Court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the Court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. *See Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002) (litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).

Plaintiff signed an affidavit in support of his Application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true.  Plaintiff states that: (i) his total monthly income is $846.00; (ii) his total monthly expenses are $750.00; (iii) he has $0.82 in his bank account; and (iv) his only asset is a vehicle which he estimates to be worth $300.00.  The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because Plaintiff's monthly expenses are only $96.00 less than his monthly income.

**Dismissal of *In Forma Pauperis* Proceedings**

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217

(10th Cir. 2007); *Montana v. Hargett*, 84 Fed.Appx. 15, 17 (10th Cir. 2003) ("While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d  at 1217.  The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff's Complaint indicates that Plaintiff filed an application to substitute teach in Santa Fe Public Schools.  Defendant Gregory Woldt, Human Resources Associate/Substitute Teachers with Santa Fe Public Schools, rejected Plaintiff's application "because it was not filled out to his satisfaction and requested that the plaintiff re-submit another application."  Complaint at 3.  Plaintiff alleges that "On file already in the Santa Fe system was the plaintiff's accepted application for regular certified teaching which had met all the requirements of the State PED and the school board along with the APS FBI Report."  Complaint at 3.  Plaintiff alleges that the multiple application requirement is an unnecessary barrier to employment resulting in age and racial discrimination.

The Court will dismiss Plaintiff's Complaint without prejudice because Plaintiff has failed to state a claim upon which relief may be granted for the following reasons.  First, Plaintiff

makes the conclusory allegation that the multiple application requirement is discriminatory by analogizing to similar practices during the Civil Rights era where multiple application requirements prevented Black Americans from voting, but does not allege any underlying facts to support his allegation that Defendant Santa Fe Public School's policy is discriminatory. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."). Similarly, Plaintiff does not allege any facts that Defendant Woldt's rejection of Plaintiff's first application and request to submit a second application was discriminatory. Finally, Plaintiff names the State of New Mexico as a defendant but does not allege any facts regarding the State's involvement and does not set forth any basis for subject matter jurisdiction over the State. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court.").

Plaintiff may file an amended complaint within 14 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. 2, filed September 16, 2014, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Complaint, Doc. 1, filed September 16, 2014, is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within 14 days of entry of this Order.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**