IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES E. MILLER,

    Plaintiff,

v.                                                      No.  14cv840 MCA/SCY

GREGORY WOLDT, *et al.*,

    Defendants.

### MEMORANDUM OPINION AND ORDER
### DISMISSING AMENDED COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff's Motion, Doc. 7, filed November 6, 2014.  For the reasons stated below, the Court will **DENY** Plaintiff's Motion **as moot** and **DISMISS** this action without prejudice.

**Background**

On September 16, 2014, Plaintiff filed a complaint, Doc. 1, against Defendants Gregory Woldt, Santa Fe Public Schools, Santa Fe Board of Education and the State of New Mexico. Plaintiff also filed an application to proceed in district court without prepaying fees or costs, Doc. 2.  The Court granted Plaintiff's application to proceed in district court without prepaying fees or costs.  *See* Doc. 6, filed October 23, 2014.

The Court dismissed Plaintiff's complaint without prejudice, pursuant to the statute governing proceedings *in forma pauperis*, 28 U.S.C. 1915(e)(2), because it failed to state a claim upon which relief may be granted.  *See* Doc. 6.  The Court explained that Plaintiff's conclusory allegations of discrimination were insufficient to state a claim because Plaintiff did not include supporting factual allegations.  The Court also explained that Plaintiff did not allege any facts

regarding the State of New Mexico's involvement and did not set forth any basis for jurisdiction over the State. The Court granted Plaintiff leave to file an amended complaint.

**Discussion**

Plaintiff filed two documents, both of which are titled "Motion." The first filed document, Doc. 7, is listed on the docket as a "Motion." The second filed document, Doc. 8, is listed on the docket as an "Amended Complaint." The Motion and the Amended Complaint are essentially identical. The primary differences between the two documents are: (i) the Motion names the EEOC as a defendant and discusses the EEOC's alleged role, *see* Motion at 5-6, whereas the Amended Complaint does not; and (ii) the Motion contains some exhibits which are not included in the Amended Complaint.

The Court will deny Plaintiff's Motion as moot. His Motion begins by stating that Plaintiff "would like to amend the Employment Discrimination complaint" that he filed. Motion at 1. No motion is required because the Court has already granted Plaintiff leave to file an amended complaint. *See* Doc. 6.

Because Plaintiff is proceeding *pro se*, the Court will liberally construe Plaintiff's Motion as part of his Amended Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed"); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate"). Construing Plaintiff's Motion as an amendment to his complaint is appropriate because his Motion contains a "Jurisdiction" section, a cause of action "Count 1" with supporting facts, a request for trial by jury, and a "Request for Relief." Motion at 2, 3, 5, 13. In addition, he refers to the Motion as his "complaint." *See* Motion at 2, 4, 5, 13.

Plaintiff states that that he re-submitted an application to substitute teach to the Human Resources Substitute Department Head Gregory Woldt.  *See* Amended Complaint at 3.  Plaintiff alleges that Defendant Woldt "rejected the first application consisting of a criminal history affidavit because it was not filled out to his satisfaction and requested that the plaintiff re-submit another application."  Amended Complaint at 3-4.  Plaintiff contends that "On file already in the Santa Fe system was the plaintiff's accepted application for regular certified teaching which had met all the requirements of the State PED and the school board along with the APS FBI report."  Amended Complaint at 4.  Plaintiff contends that "Multiple applications required when hiring teachers create bias and mimic practices that create barriers to prevent employment of minorities and seniors."  Amended Complaint at 3.

Plaintiff's complaint appears to assert a disparate impact discrimination cause of action based on race and age.  "Under the disparate-impact statute [in the Civil Rights Act of 1991, 105 Stat. 1071], a plaintiff establishes a prima facie violation by showing that an employer uses 'a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin.'"  *Ricci v. DeStefan*, 557 U.S. 557, 578 (2009); *Apsley v. Boeing Co.*, 691 F.3d 1184, 1206 (10th Cir. 2012) ("[T]o establish a prima facie case of disparate impact age discrimination, plaintiffs must show that a specific identifiable employment practice or policy caused a significant disparate impact on a protected group.").

Plaintiff's complaint fails to state a claim of disparate impact discrimination.  After making the conclusory allegation that "Multiple applications required when hiring teachers create bias and mimic practices that create barriers to prevent employment of minorities and seniors," Plaintiff concludes the multiple application requirement violates his civil rights by analogizing to "similar . . . practices in the civil rights era, [where] multiple applications were

3

required to prevent Black Americans from voting, and requirement that created barriers to prevent certain groups of citizens from exercising their civil rights." Amended Complaint at 3. Plaintiff has not alleged any facts to support his assertion that Santa Fe Public School's alleged practice of requiring multiple applications when hiring teachers results in a disparate impact to minorities and seniors. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's complaint also fails to state a claim of disparate treatment discrimination based on race and age. "[E]stablishing a prima facie case of [disparate treatment based on] race, color, and national origin discrimination [requires a] showing that (1) [plaintiff] "belongs to a protected class"; (2) [plaintiff] "suffered an adverse employment action"; and (3) "the challenged action took place under circumstances giving rise to an inference of discrimination." *EEOC v. PVNF, L.L.C.,* 487 F.3d 790, 800 (10th Cir.2007). In its Order dismissing Plaintiff's original complaint for failure to state a claim, the Court stated that the "Plaintiff does not allege any facts that Defendant Woldt's rejection of Plaintiff's first application and request to submit a second application was discriminatory." Mem. Op. and Order at 4, Doc. 6. Plaintiff's Amended Complaint does not allege any facts that Defendant Woldt's actions took place under circumstances giving rise to an inference of discrimination.[1] *See Barlow v. C.R. England, Inc.*,

---

[1] In a letter to the EEOC, which Plaintiff attached to his Amended Complaint as an exhibit, Plaintiff states that Defendant Woldt lied to the EEOC investigator when Woldt stated that he was unaware of Plaintiff's age and race. *See* Amended Complaint Ex. 7c, Doc. 8-3 at 4. Such a statement, made during the course of the EEOC investigation and well after Woldt's request that

703 F.3d 497, 505 (10th Cir. 2012) (a plaintiff "can establish evidence [that he was terminated under circumstances giving rise to an inference of discrimination] in various ways, such as "actions or remarks made by decisionmakers," "preferential treatment given to employees outside the protected class," or "more generally, upon the timing or sequence of events leading to plaintiff's termination.").

>Plaintiff also alleges that he:
>
>was never invited to the Substitute teachers Orientation twice which (just one) was also a hiring requirement of the school board while other groups of class, age, and race were invited; and other employees who had previous employment experience and who also had previous applications on file with the district were not required to attend.

Amended Complaint at 8. According to Plaintiff, he met with Woldt on November 12, 2012, Woldt gave Plaintiff an application, informed Plaintiff that "a substitute teacher orientation was also a district requirement," warned Plaintiff that Woldt "had not accepted applications because of errors on applications," and "had rejected several applicant applications for making simple errors." Amended Complaint Exhibit, Doc. 8-2 ¶ 7 at 1. The next orientation was held on November 28, 2012. In January 2013, Woldt informed Plaintiff that Plaintiff "had incompletely filled out the application" and that Plaintiff had not been invited to the orientation "because it was full." Amended Complaint Exhibit, Doc. 8-2 ¶ 9 at 2. Plaintiff later states that he explained to the EEOC investigator that "[Plaintiff] was never invited to orientation because [his] application was never accepted." Amended Complaint Exhibit, Doc. 8-2 ¶ 12 at 2.

Accepting Plaintiff's allegations as true and construing those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to Plaintiff, the

---

Plaintiff submit another application, does not, by itself, give rise to an inference of discrimination.

5

Court concludes that Plaintiff's allegations regarding not being invited to the orientations do not plausibly support a claim for relief. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) (the factual allegations must be enough to raise a right to relief above the speculative level). Plaintiff explained to the EEOC investigator that he was not invited to the orientations because his application was never accepted. Plaintiff does not make any factual allegations that his application was not accepted because of his race and/or age. Plaintiff's allegations regarding not being invited to the orientations do not support his claim that he was discriminated against because of his race and/or age.

Finally, Plaintiff names the EEOC as a defendant and alleges that the EEOC is "ignoring legitimate concerns of citizens." Motion at 6-7, Doc. 7. In a letter to the EEOC, which is attached as an exhibit, Plaintiff asserts that no one answers the phones at the EEOC Albuquerque office, and suggests that the EEOC personnel are not doing their jobs stating: "I received a notice of dismissal and Notice of Right because the EEOC agent was unable to conclude that the information obtained established violation of statues [sic]—to me sir, this means that for some reason this agent did not do his job or did not think my civil rights complaint was valid." Doc. 7-1 at 30. Plaintiff also contends that due to the "insurmountable number of requests exponentially increasing for [EEOC] to resolve," and with EEOC having "no valid system of checks and balances," "the rights of the people are ignored according to class and race and these violations are at an all-time high similar to the state of the nation before the Civil Rights Era of the 20th century." Motion at 5. Plaintiff does not, however, make any factual allegations regarding the EEOC or its agent's actions from which one could conclude that those actions violated Plaintiff's civil rights.

The Court will dismiss this action because Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion, Doc. 7, filed November 6, 2014, is **DENIED as moot.**

**IT IS ALSO ORDERED** that this action is **DISMISSED without prejudice.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**